08-2983-cv
Tirreno v. Mott

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April , two thousand ten.

PRESENT:   REENA RAGGI,
                      PETER W. HALL,
                                          *Circuit Judges.*[*]

-----------------------------------------------------------------------
LAWRENCE B. TIRRENO, MARY H. TIRRENO,
PAULINA N. TIRRENO, CAROLYN M. TIRRENO,

                              *Plaintiffs-Appellants*,

                    v.                                                   No. 08-2983-cv

BARBARA MOTT, doing business as BARBARA'S
BAIL BONDS, JOHN H. POOLE, DENNIS A. PHANG,
JAMES E. FOLSTON, WESTPORT POLICE DEPT,
DONALD RICE, WALTER BROADHURST, TOWN OF
WESTPORT,

                              *Defendants-Appellees*.
-----------------------------------------------------------------------

---

[*] Judge Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal.  The remaining two members of the panel, who are in agreement, have determined this matter in accordance with Second Circuit Internal Operating Procedure E(b).

APPEARING FOR APPELLANTS:      DAVID N. ROSEN (Margaret Middleton, *on the brief*), David Rosen & Associates, P.C., New Haven, Connecticut.

APPEARING FOR APPELLEES:       ROBERT C.E. LANEY, Ryan Ryan Deluca LLP, Stamford, Connecticut, *for Defendant-Appellee Barbara Mott, doing business as Barbara's Bail Bonds*.

ANDREW DEWEY (Claudia A. Baio, *on the brief*), Baio & Associates, P.C., Rocky Hill, Connecticut, *for Defendants-Appellees Town of Westport, Westport Police Department, Donald Rice, and Walter Broadhurst*.

Appeal from the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on December 21, 2007, is AFFIRMED.

Plaintiffs appeal from a final judgment entered after a jury verdict in favor of defendants on plaintiffs' 42 U.S.C. § 1983 claims alleging unreasonable search and seizure in violation of the Fourth Amendment. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

---

[1] Although several of the named defendants in this appeal have failed to enter an appearance, we note that the conclusions we reach herein apply with equal force to all defendants, regardless of whether they appear.

On appeal, plaintiffs contend that the district court erred in (1) instructing the jury that plaintiffs bore the burden of proving that they had not consented to the challenged search, and (2) adopting a jury interrogatory to the same effect. Because plaintiffs failed to object to the relevant portions of the jury charge and verdict sheet before the verdict, our review is limited to plain error affecting substantial rights. See Fed. R. Civ. P. 51(d)(2).

Plaintiffs contend that they are entitled to de novo review because they specifically requested that the jury be instructed that defendants bore the burden of proving consent. This argument is foreclosed by the language of Fed. R. Civ. P. 51(c)(1), which states that a "party who objects to . . . the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection," and our decision in Caruso v. Forslund, 47 F.3d 27, 31 (2d Cir. 1995), which holds that a party "may [not] rely on her submission of proposed jury instructions" not adopted by the district court to preserve an objection for appeal. Plaintiffs submit that strict enforcement of Rule 51 is not warranted in this case because the district court's assignment of the burden of proof to plaintiffs constituted a "definitive ruling on the record" rejecting their requested instruction on the merits. Fed. R. Civ. P. 51(d)(1)(B) (recognizing exception to rule that error may be assigned to failure to give instruction only if party "properly requested it . . . and properly objected"). We are not persuaded.

Nowhere "on the record" did the district court discuss the assignment of the burden of proof on the issue of consent, much less "definitive[ly]" rule on plaintiffs' requested

3

instruction assigning the burden to defendants. What is on the record is the district court's thoughtful and extensive discussion with counsel, both before and after their closing arguments, of a range of issues relating to the jury's consideration of the consent issue. While plaintiffs asked a number of questions, offered various suggestions, and raised certain objections to the proposed instructions and verdict sheet, at no point did they object to the district court's failure to instruct the jury that defendants bore the burden of proving consent. On this record, we easily conclude that plaintiffs' challenges to the jury instructions and verdict sheet were unpreserved.

"To constitute plain error, a court's action must contravene an established rule of law." Lavin-McEleney v. Marist Coll., 239 F.3d 476, 483 (2d Cir. 2001) (citing United States v. Olano, 507 U.S. 725, 734 (1993)); cf. United States v. Polouizzi, 564 F.3d 142, 156 (2d Cir. 2009) ("An error is plain if the ruling was contrary to law that was clearly established by the time of the appeal." (internal quotation marks omitted)). That is not this case because, as plaintiffs acknowledge, the law of this Circuit is not clear in assigning the burden of proof regarding consent in a § 1983 action for unlawful search. In Ruggiero v. Krzeminski, 928 F.2d 558 (2d Cir. 1991), a § 1983 action, we expressly rejected the argument that once a plaintiff established that a search was not authorized by a warrant, the burden shifted to the defendant to prove that the search was justified by one of the warrant exceptions such as consent, see id. at 563. The presumption of unreasonableness applicable to warrantless searches "cannot serve to place on the defendant the burden of proving that

4

the official action was reasonable." Id. Rather the presumption imposes only a burden of production, i.e., "the duty of producing evidence of consent." Id. "[T]he ultimate risk of nonpersuasion must remain squarely on the plaintiff in accordance with established principles governing civil trials."[2] Id.

This court has never overruled Ruggiero and continues to cite it approvingly. See, e.g., Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998) (distinguishing between criminal and civil cases as to which party bears burden of proof when reasonableness of warrantless search is at issue). Nevertheless, we failed to distinguish it or even to cite it in Anobile v. Pelligrino, 303 F.3d 107 (2d Cir. 2002), a § 1983 case relied on by plaintiffs here for its conclusory observation that "[t]he official claiming that a search was consensual has the burden of demonstrating that the consent was given freely and voluntarily," id. at 124 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973) (articulating government's burden in criminal case on motion to suppress evidence of warrantless search)).

We need not here attempt to reconcile any apparent tension in our precedents. On plain error review, it is enough to conclude that plaintiffs cannot show that clearly established precedent imposed the burden of proving consent on the defendants. Accordingly, we decline to vacate the judgment.

_____

[2] There is no question that defendants carried their burden of production. Plaintiffs effectively conceded that Lawrence Tirreno gave consent to search his residence. They contended, however, that the consent was invalid because it was coerced by misrepresentations and, in any event, negated by Mrs. Tirreno's express refusal of consent.

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the December 21, 2007 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6